**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KAREUME LAW, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
| vs. | )   Case No. 09-CV-805-TCK-PJC |
| | ) |
| JUSTIN JONES, Director, | ) |
| | ) |
|        Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus proceeding. In response to the petition, Respondent filed a motion to dismiss the petition as barred by the statute of limitations (Dkt. # 7) along with a brief in support (Dkt. # 8). Petitioner, appearing *pro se*, filed a response to the motion to dismiss (Dkt. # 13). Respondent filed a reply (Dkt. # 14). For the reasons discussed below, the Court finds that the petition for writ of habeas corpus was not filed before expiration of the one-year limitations period. As a result, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

As a preliminary matter, Respondent asserts that because Petitioner is presently incarcerated at a private prison, the proper respondent in this matter is Justin Jones, Director of the Oklahoma Department of Corrections. See Dkt. #s 7, 8, and 14. The Court agrees with Respondent. Accordingly, the Clerk shall be directed to add Justin Jones, Director, as party respondent. David Miller, Warden, shall be dismissed from this action.

## BACKGROUND

The record before the Court reflects that Petitioner was convicted by a jury of Murder in the First Degree (Count 1) and Unauthorized Use of Vehicle (Count 2) in Tulsa County District Court, Case No. CF-2003-5599. See Dkt. # 8, Ex. 2. On May 9, 2005, Petitioner was sentenced to life with the possibility of parole on Count 1 and seven (7) years imprisonment on Count 2, with Count 1 ordered to be served consecutively with Count 2. Petitioner was represented during his criminal proceedings by attorney Kevin Adams.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). On August 14, 2006, in Case No. F-2005-480, the OCCA affirmed Petitioner's conviction. See Dkt. # 8, Ex. 1. Petitioner states that he was represented on appeal by attorney Gloyd McCoy. Nothing in the record suggests Petitioner filed a petition for writ of *certiorari* in the United States Supreme Court.

In his petition, Petitioner states that after his direct appeal, he retained attorney McCoy "to perfect an application for post-conviction relief or a timely federal habeas corpus." See Dkt. # 1. However, attorney McCoy failed to file either an application for post-conviction relief or a habeas corpus petition. On November 9, 2009, Petitioner, appearing *pro se*, filed an application for post-conviction relief. See Dkt. # 8, Ex. 2. By order filed December 23, 2009, the district court denied the application for post-conviction relief. Id. Petitioner appealed. On March 18, 2010, in Case No. PC-2010-37, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 8, Ex. 4.

On December 23, 2009, the Clerk of Court received Petitioner's *pro se* petition for writ of habeas corpus. See Dkt. # 1. Petitioner states under penalty of perjury that he placed his petition in the prison mailing system on December 10, 2009. Id. at 19. In response to the petition, Respondent

argues that consideration of Petitioner's claims is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. #s 7 and 8.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> © the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, Petitioner's conviction became final on November 13, 2006,[1] after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on November 13, 2006, and, absent a tolling event, a federal petition for writ of

---

[1] Ninety (90) days after August 14, 2006, was November 12, 2006, a Sunday. Thus, Petitioner's conviction became final on Monday, November 13, 2006.

3

habeas corpus filed after November 13, 2007, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Pursuant to § 2244(d)(2), the limitations period was suspended during the time Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts. Respondent argues that Petitioner is not entitled to statutory tolling as a result of the filing of the application for post-conviction relief. The application for post-conviction relief was not filed until November 9, 2009, or almost two (2) years after the limitations period expired on November 13, 2007. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, Petitioner is not entitled to statutory tolling. His federal habeas petition, filed at the earliest on December 10, 2009, appears to be untimely and should be dismissed unless Petitioner demonstrates entitlement to equitable tolling of the limitations period.

The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, --- U.S. ---, 130 S.Ct. 2549, 2560, 2562 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

4

In general, attorney error is not a basis for equitable tolling because "[t]here is no constitutional right to an attorney in state post-conviction proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991). "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." Lawrence v. Florida, 549 U.S. 327, 336-337 (2007). "The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures." Modrowski v. Mote, 322 F.3d 965, 968 (7th Cir. 2003) (internal citations omitted); see also Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling") (internal citations omitted); Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) ("a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding") (internal citations omitted); United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [with respect to equitable tolling]"). Significantly, however, the Tenth Circuit Court of Appeals has held that "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period." Fleming v. Evans, 481 F.3d 1249, 1256 (10th Cir. 2007). Recently, the United States Supreme Court has recognized that the one-year limitations period may be equitably tolled where "serious instances of attorney misconduct" have occurred. Holland, 130 S.Ct. at 2564.

In this case, Petitioner argues that he is entitled to equitable tolling of the limitations period because he diligently pursued his claims and the failure to file his petition within the one-year limitations period was caused by circumstances beyond his control, namely, extraordinary delay attributable to the conduct of his retained counsel, Gloyd McCoy. See Dkt. #s 1 and 13. In support of his argument, Petitioner provides evidence reflecting a pattern of egregious misconduct by McCoy. That evidence demonstrates that McCoy failed to file Petitioner's habeas petition despite numerous communications from Petitioner's family members attempting to determine whether a petition had been filed. See Dkt. # 13, Exs. A and C. In addition, Petitioner provides the "affidavits"[2] of Judy Woods, his grandmother, and Tracy Mosz, his grandmother's niece, describing their roles in retaining McCoy and their efforts to correspond with McCoy. See Dkt. # 13, Exs. G and H. Ms. Woods avers that on December 15, 2006, she met with McCoy and paid him a retainer of $3,000 for preparation of a federal petition for writ of habeas corpus. See Dkt. # 13, Ex. G at ¶ 6. McCoy telephoned her in May 2007 to inform her that the habeas petition had been timely filed and to instruct her that no further contact was necessary. See id. at ¶ 8. Ms. Woods further states that in "early 2008," at Petitioner's request, she telephoned the Clerk's Office for the Northern District of Oklahoma to inquire as to the status of the case. See id. at ¶ 9. At that time, she was informed that there was no record of a habeas petition having been filed. Id.

In March 2008, Ms. Woods filed a grievance concerning McCoy's conduct with the Oklahoma Bar Association. That grievance, along with numerous others filed by former clients of McCoy, resulted in the Oklahoma Supreme Court's ruling, entered September 21, 2010, suspending McCoy from the practice of law for a period of two years and one day. See State ex rel. Oklahoma

---

[2]The "affidavits" are not notarized.

Bar Ass'n v. McCoy, 240 P.3d 675 (Okla. 2010). The Oklahoma Supreme Court also noted that McCoy had been suspended from accepting CJA appointments for one year by the Tenth Circuit Court of Appeals. Id. at 683-84.

The Court finds that Petitioner has provided evidence of extraordinary circumstances in the form of "egregious misconduct" by his attorney for failing to file a timely petition for writ of habeas corpus. "The presence of extraordinary circumstances is not enough, however, to justify the application of equitable tolling. A petitioner must also show that he acted with reasonable diligence, and that the extraordinary circumstances caused his petition to be untimely." Baldayaque v. United States, 338 F.3d 145, 153 (2d Cir. 2003); see also Marsh, 223 F.3d at 1220. As emphasized by the Supreme Court, "[t]he diligence required for equitable tolling purposes is 'reasonable diligence.'" Holland, 130 S.Ct. at 2565 (citations omitted).

As indicated above, Petitioner is responsible, despite his incarceration, for insuring diligent pursuit of his habeas claims and compliance with filing requirements, including the one-year limitations period. Significantly, close to two (2) years passed from the time Petitioner learned that no habeas petition had been filed by McCoy until he filed his *pro se* petition. Compare Holland, 130 S.Ct. at 2565 (finding district court's ruling based on lack of diligence incorrect where petitioner prepared and filed *pro se* habeas petition "the very day" he discovered that the limitations period had expired due to attorney's failings (emphasis in original)). Petitioner claims that after learning of McCoy's deception, he began conducting legal research for preparation of an application for post-conviction relief. He complains that access to his facility's law library was severely curtailed due to prison lock-downs and remodeling. See Dkt. # 13. He also describes difficulties he encountered

7

in securing trial transcripts and states that he was unable to obtain a complete copy of his trial transcripts until September 14, 2009. Id.

As to Petitioner's claim that his efforts to prepare and file his habeas petition were hindered by restricted access to the law library, the Court notes that approximately six (6) months passed between early 2008, when Petitioner learned that no habeas petition had been filed by McCoy, and the first cited instance of a lock down on June 30, 2008. See Dkt. # 13 at 4. That first lock down lasted 3 months. Id. The next instance cited by Petitioner occurred more than one year after he learned that no habeas petition had been filed and was for only a one month period of time, from February 2009 to March 2009, when the library was closed for remodeling. Id. The last instance cited by Petitioner was a lock down lasting from November 21, 2009, through April 27, 2010, or almost two (2) years after he learned that no habeas petition had been filed by McCoy. Id. In addition, Petitioner provides a set of logs from his facility's law library reflecting his presence in the library. Id. at 27-41. However, the earliest log provided by Petitioner is dated January 26, 2009, or approximately one (1) year after Petitioner learned that no habeas petition had been filed by McCoy. As to Petitioner's efforts to obtain trial transcripts, Petitioner admits that he did not begin his efforts until June 2009, see id. at 4, or approximately eighteen (18) months after he learned that no habeas petition had been filed.

In general, a prison lock down does not qualify as an extraordinary event justifying equitable tolling. See, e.g., Dill v. Workman, 288 Fed.Appx. 454, 457 (10th Cir. 2008) (unpublished). In this case, the time frames recited by Petitioner are unconvincing and do not excuse his failure to file a *pro se* petition promptly upon learning of McCoy's failures. Furthermore, Petitioner waited too long to begin efforts to obtain his trial transcripts. As a result, the delay in receiving the state court record

does not justify equitable tolling. See Heinemann v. Murphy, No. 10-8018, 2010 WL 3965925 (10th Cir. Oct. 12, 2010) (unpublished); West v. Kaiser, 7 Fed.Appx. 821, 823 (10th Cir. 2001) (unpublished). The extended passage of time in this case simply does not support a finding of "reasonable diligence" by Petitioner. Holland, 130 S.Ct. at 2565. Therefore, Petitioner is not entitled to equitable tolling despite the dilatoriness of his post-conviction attorney.

## *CONCLUSION*

Petitioner filed his petition at the earliest on December 10, 2009, or more than two (2) years after expiration of the one-year limitations period. Petitioner is not entitled to equitable or statutory tolling. Therefore, the Court concludes that the petition is time-barred and Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk shall **add** Justin Jones, Director, as party respondent. David Miller, Warden, is **dismissed** from this action.
2. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 7) is **granted**.
3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.
4. A separate judgment shall be entered in this matter.

**DATED** this 8th day of March, 2011.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE